HUDSON COUNTY COURT OF COMMON PLEAS.

JOHN BOBOWICZ, PETITIONER-APPELLANT, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT-APPELLEE.

Decided June 10, 1946.

For the petitioner-appellant, *Samuel M. Cole.*

For the respondent-appellee, *Stryker, Tams & Horner.*

DREWEN, C. P. J. Claim petition was filed in the Compensation Bureau for an award to cover hernia, or strain in the inguinal region. We are unable to tell precisely the injury alleged for the reason that the transcript on file in this court does not include a copy of the claim petition or the answer.

For the reasons presently to appear, the case will have to be remanded to the Bureau for the taking of further proofs.

Petitioner testified that his injury was caused by the lifting of weighty materials and equipment in the course of his employment. He fixed the date of the injury as September 23d, 1943, testifying further that soon after the event he reported it to his foreman, whom he identified as one Cullen. He stated that as an immediate consequence of the injury and on the day of its occurrence he went home at noon, and that because he was late in reporting the next morning entrance into the plant was denied him for the day. From time

to time thereafter he remained out until August, 1944, when his employment was discontinued.

On behalf of respondent the witness Robert McCarthy testified that it was under his supervision, not Cullen's, that petitioner worked at the time of the alleged injury and that never was such an injury reported to him. He did, however, identify Cullen as being another "leading man" or foreman in the shop in which petitioner worked. Also, when confronted with the fact that petitioner was transferred from him, McCarthy, to another foreman in the latter part of 1943, he admitted that the time of such transfer might have been in September of that year, later refreshing his recollection, from records, that it was not until 1944 that petitioner left his supervision.

Also called by respondent was the witness John Kenney, chief clerk in respondent's compensation department. Through his testimony there was placed in the record the data of the company's archives relating to first aid treatment applied for and received by petitioner. Respondent thus established that petitioner had no first aid treatment as he claimed to have on the date of injury given by him, September 23d, 1943, and no other treatment for injuries at any time after that date, save for minor injuries having no relation whatever to the subject of this claim. The only instance of complaint by petitioner for inguinal injury, shown by respondent's records through the witness Kenney, was a complaint made on April 10th, 1943, some five months prior to the occurrence of the injury presently in suit.

In rebuttal petitioner reiterated the date, September 23d, 1943, and also that the aforementioned Cullen was his foreman at that time. In the matter of Cullen he elaborated to the extent of saying: "When I went to work for Mr. McCarthy that was about six months or seven months after I reported this thing to Mr. Cullen."

At this juncture and at respondent's request the hearing was continued over, with leave to respondent to produce petitioner's attendance record as a test of his claim of time lost in September, 1943. On the adjourned date and before any offer by respondent, petitioner's attorney indicated his inten-

tion to "recall petitioner to fix the date of the accident." There was objection, and without more respondent proceeded to place in evidence three time cards covering the dates September 23d, 24th and 25th. These records, within their scope, completely contradicted petitioner in the matter of time lost. Respondent then rested.

Thus stood the controversy as to dates and times when petitioner's attorney repeated his request for leave to recall petitioner. When asked by the Deputy Commissioner to state his purpose, he did so in these words: "I will show that the exact date of the accident was September 28th, 1945," (later corrected as a misstatement to September 28th, 1943), "and the petitioner will explain exactly how he recalls this date * * *. We find on checking—my client has checked and he finds that the exact date of the accident was on the 28th and can prove it." Leave to recall was denied, with this pronouncement by the Deputy Commissioner: "How can I believe a man who testified twice that it was September 23d, and then comes back and says it was the 28th?"

As we judge it, the inerrancy of petitioner's memory in the first instance was thus made a condition of his credibility. We think he should have been allowed a chance to explain his error and to substantiate his newer recollection. Without that his case can hardly be said to have been fully tried. A different date might, though on the same claim, present a different factual contest between the parties. The Deputy Commissioner asked how he could believe one who did the very thing petitioner was asking leave to do, change the date in his testimony. It was to that question petitioner sought to give the answer and was not permitted to do so; and the same pronouncement that denied the permission carried also a fatal penalty for seeking it. What the Deputy Commissioner did, in effect, was to adjudge and condemn the explanation without hearing it. How, he asked, in the light of what petitioner proposed to do, could petitioner be believed?

That petitioner's first recollection was countered by such a formidable array of records cannot be regarded as a valid reason for denying him a chance to make the explanation which he represents he can make. For such plenary contra-

diction nothing more was required than the original error, the rest followed. It seems to us that the giving of a chance to amend and explain is sanctioned unanswerably by its importance to petitioner if he is right and the ease with which he can be refuted if he is wrong. Finally, there can be no doubt that the allowance of petitioner's plea to give further proof would be far more closely consonant with the liberal and remedial design of the law than would be its denial. The decisions absolving the administration of this statute from the various techniques and formalities of pleading, proof and procedure are far too numerous to require citation.

The case will be remanded to the Bureau for the taking of further testimony under the leave asked, and concerning such other matters as are thereby rendered relevant.